IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FRIENDS FOR HEALTH: SUPPORTING THE NORTH SHORE HEALTH CENTER, an Illinois nonprofit corporation, DC CENTRAL KITCHEN, a District of Columbia nonprofit corporation, HIGHLAND PARK-HIGHWOOD LEGAL AID CLINIC, an Illinois nonprofit corporation, PROGRAM FOR EARLY PARENT SUPPORT, a Washington nonprofit corporation, KOL HADASH HUMANISTIC CONGREGATION, an Illinois nonprofit corporation, and TERRY KASS, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>PAYPAL, INC., a Delaware corporation, and PAYPAL CHARITABLE GIVING FUND, a Delaware nonprofit corporation,<br><br>*Defendants*. | FILED<br><br>MAY 22 2019<br><br>THOMAS G. BRUTON<br>CLERK, U.S. DISTRICT COURT<br><br>Case No. 17-cv-1542on |

**PLAINTIFF'S MOTION TO VACATE DISMISSAL AND FOR IMMEDIATE REINSTATEMENT OF THE CASE INCLUDING THE STAY PENDING ARBITRATION AND APPROVAL OF VOLUNTARY WITHDRAWAL OF PLAINTIFFS' COUNSEL**

Plaintiff, Terry Kass ("Kass") brings this Motion to Vacate Order of Dismissal the Amended Complaint against Defendants PayPal, Inc. ("PayPal") and PayPal Charitable Giving Fund ("PayPal Giving Fund") (collectively, "Defendants") and for Immediate Reinstatement of the Case and Approval of Voluntary Withdrawal of Plaintiff's Counsel. Plaintiff, individually and on behalf of herself, the other named Plaintiffs (collectively, "Plaintiffs") and all others similarly situated, allege as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief. In support of this Motion, Plaintiff states as follows:

1

1. On February 18, 2017, the Plaintiffs filed a Complaint and Jury demand against Defendants. On December 15, 2017 Plaintiffs filed an Amended Complaint and Jury demand against Defendants.

2. On January 23, 2018, Defendants filed a Motion to Stay Proceedings and Compel Individual Arbitration.

3. On February 27, 2018, Plaintiff's counsel (the "Edelson Firm") filed a Motion to Withdraw as counsel for Kass but stayed counsel of record for the remaining Plaintiffs. Such Motion was unopposed based on the representation by the Edelson Firm in open court to turn over the entire case file to Kass. The Motion was heard by the Court and Granted on March 6, 2018. Lead counsels Claire Kenny and Michael Moirano (together "Counsel of Record") stayed on the case to continue to represent both Kass and all of the other Plaintiffs.

4. On June 12, 2018, the Court entered an order granting Defendants motion to compel arbitration and to stay proceedings in the case at bar.

5. On June 22, 2018 counsel for all Plaintiffs (except Kass) informed each of those Plaintiffs in writing of the Court's ruling and the option to pursue arbitration. While counsel was discouraging Plaintiffs from pursuing the case further or proceeding with arbitration, Plaintiffs' counsel made it clear that "There are no deadlines at this point".

6. On June 22, 2018, Counsel of Record sent Kass an email notifying her that they would no longer be representing her.

7. Neither Kass nor the other Plaintiffs have been contacted directly by either the Edelson Firm or the Counsel of Record since June, 22, 2018. However, in an email to Kass' husband dated August 6th, the Counsel of Record maintained they had a financial interest in the case at bar.

8. Kass, on behalf of herself and the other Plaintiffs have been actively seeking new counsel to represent them in the case at bar and in the arbitration proceedings. The only impediments to engaging new counsel were 1) claims made by Kass' counsel of record to having a financial stake in the case and 2) refusal by both firms representing the Plaintiffs to turn over the entire case file as promised in open court. A multitude of correspondence between Kass (through her husband as they would not respond to her) and the Counsel of Record show that Kass had been begging for a full understanding of what financial claims said counsel were making against the case and to receive the remaining unreleased case documents.

9. The Court scheduled a status hearing for Tuesday, May 21, 2019.

10. Counsel of Record sent an email to Kass' husband notifying him of the impending status call and asking Kass's husband if Kass would be willing to enter an order of dismissal. He wrote "PayPal case is set for status before Judge Gettleman next Tuesday, May 21 at 9:30 am. Ari Scharg has been in touch with PayPal's counsel and they suggested that we file a Rule 41 notice of dismissal. If we do that, they will not seek an award of costs from the plaintiffs. Please discuss with Terry and let me know if she will agree to that. As I understand it, the dismissal will be without prejudice." Kass, via her husband, responded that "Terry and the other plaintiffs do not want the case dismissed and they want to proceed with arbitration."

11. On Thursday, May 16 and Friday May 17, 2019 (less than three business days prior to the scheduled status call), the Edelson Firm contacted (some or all of) the remaining Plaintiffs to ask the same question posed to Kass about voluntarily dismissing the case and not proceeding with their cause of action as suggested by Defendants' counsel.

12. Prior to the hearing on Tuesday, May 21, 2019, four of the Plaintiff's had indicated in writing to Plaintiffs' counsel that they did NOT want the case dismissed and that

they wanted to actively pursue arbitration and proceed with Kass.

13. Prior to the status hearing on May 21, Kass had attended each any every court proceeding on the matter even when her counsel said it was not necessary. Both sets of counsel for Kass and the other Plaintiffs expected her to appear at the status call (as they indicated in the lobby of the building just after 9:15 am when the status call had been completed without her being present). Kass had missed the status hearing only because her Counsel of Record incorrectly informed Kass that the hearing was scheduled for 9:30 am rather that the 9:00 am actual call time.

14. Had Kass been able to attend the status hearing, she would have been able to explain to the court, that she and the other Plaintiffs adamantly opposed to dismissing the case. On the contrary, the Plaintiffs wanted the court's help in getting both Plaintiffs' counsels of record to 1) clarify what, if any, financial claims they were asserting in the case and 2) to remind them of their obligation to turn over the remaining withheld documents from the case file. If Kass had been adequately represented at the status hearing all parties would have been made aware of the Plaintiffs' intent to proceed with arbitration as soon as possible as well as their interest in keeping the stay in place pending arbitration.

15. Prior to 9:20 am on Tuesday, May 21, 2019, the Court entered an order that "for the reasons stated on the record, this case is dismissed without prejudice with leave to reinstate by 7/28/2019. Civil Case terminated." As Kass was not present at the status hearing and the transcript of the status hearing is not yet available, Kass has no way of knowing what the reasons were that were stated on the record. Moreover, Kass does not know whether her wishes or the wishes of the other Plaintiffs were vigorously conveyed to the Court or whether strong argument was made on behalf of the Plaintiffs in favor of not dismissing the case. The transcript has been

4

ordered.

16. After the status call was complete, the Court heard from Kass and learned that her Counsel of Record had sent her notice that the hearing was to start at 9:30 am. The Court explained to Kass that the case could be reinstated and set the matter for a status hearing the following Tuesday so that all parties could be adequately represented.

17. Counsel of Record was present for much of the post-status call appearance by Kass. At that time, Counsel of Record acknowledged that her firm was no longer representing Kass and would be filing a motion to withdraw from the case.

18. Later in the day on May 21, 2019, Kass' husband received an email from Kass' Counsel of Record changing his position and now asserting that his firm will not be seeking any fees or costs or payment of any kind associated with the case. He also sent an email confirming the same from the Edelson Firm. Both the Edelson Firm and the Counsel of Record for all of the Plaintiffs in this case wish to voluntarily withdraw and waive any and all rights to payment of any kind relating to this case including, fees and costs. Kass and the other Plaintiffs are now able to proceed to hire new counsel who will represent them in all aspects of this matter including arbitration.

19. Plaintiff Kass seeks an order: (i) vacating the entry of an order of dismissal; (ii) reinstating the case; (iii) reinstating the stay pending arbitration; (iv) approval of voluntary withdrawal of both firms representing any and all Plaintiff's; (v) providing Plaintiffs with 90 days to engage new counsel; and (vi) any other relief the court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Plaintiffs, pray that the Court enter an Order:

 A. Vacating the entry of an order of dismissal;

 B. Reinstating the case;

 C. Reinstating the stay pending arbitration;

 D. Approving voluntary withdrawal of both firms representing any and all Plaintiffs;

 E. Providing Plaintiffs with 90 days to engage new counsel; and

 F. Granting such other and further relief as the Court deems equitable and just.

Respectfully Submitted,

Dated: May 22, 2019  **TERRY KASS**, individually and on behalf of all others similarly situated,

By: _____
Terry Kass, pro se

Terry Kass
1040 Carlyle Terrace
Highland Park, IL 60035
(773) 802-5037
terryhorwitzkass@aol.com

6

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 22, 2019, true and correct copies of the foregoing **NOTICE OF MOTION** and **PLAINTIFF'S MOTION TO VACATE DISMISSAL AND FOR IMMEDIATE REINSTATEMENT OF THE CASE INCLUDING THE STAY PENDING ARBITRATION AND APPROVAL OF VOLUNTARY WITHDRAWAL OF PLAINTIFFS' COUNSEL** were served upon the persons listed below by email.

Claire Gorman Kenny
cgkenny@mgklaw.com

Michael H. Moirano
mmoirano@mgklaw.com

Jay Edelson
jedelson@edelson.com

Ari Jonathan Scharg
ascharg@edelson.com

Christopher Lillard Dore
cdore@edelson.com

Sydney M. Janzen
sjanzen@edelson.com

Benjamin Harris Richman
brichman@edelson.com

Mark Bruce Blocker
mblocker@sidley.com

Ashley Elena Dalmau Holmes
adalmauholmes@sidley.com

Kathleen Louise Carlson
kathleen.carlson@sidley.com

Terry Kass

Terry Kass