UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRIENDS FOR HEALTH: SUPPORTING THE NORTH SHORE HEALTH CENTER, et al. </br></br>Plaintiffs, </br></br>v. </br></br>PAYPAL, INC., et al. </br></br>Defendants. | Case No. 1:17-cv-01542 </br></br>Honorable Martha M. Pacold |

### MOTION FOR ENTRY OF JUDGMENT ON FINAL ARBITRATION AWARD

Defendants PayPal, Inc. and PayPal Giving Fund (collectively, "Defendants"), pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA"), respectfully move this Court to confirm the final arbitration award issued in its favor and against Plaintiff Terry Kass ("Kass"), and to enter judgment thereon, and tax costs against Kass and in favor of Defendants under Federal Rule of Civil Procedure 54(d)(1).

Attorney Francis H. LoCoco certifies that he sent an email to Terry Kass, who is pro se, asking whether she had any objection to this motion, and she has indicated she objects to this Motion.  (*See* Declaration of Francis H. LoCoco ("LoCoco Decl."), ¶ 5.)

### INTRODUCTION

The genesis of this case is a putative class action brought by Kass and five charities, arising from a December 31, 2016 transaction when Kass used Defendants' services to designate charitable donations to the five charities, and others, from a $3,250 charitable donation.  After some preliminary proceedings in this Court, the Court ordered the plaintiffs individually to arbitrate any claims they wished to pursue in accordance with the terms of contracts governing each of their relationships with PayPal, Inc.  Individual arbitration commenced between

1

Defendants and Kass in October 2019, and on June 19, 2020, the arbitrator issued his final decision granting summary judgment in favor of Defendants on all claims. Under the FAA and the contract terms, Defendants are entitled to reduce the arbitrator's final award to a judgment of this Court.

## FACTUAL BACKGROUND

Kass, along with Friends for Health: Supporting The North Shore Health Center ("Friends for Health"), commenced this case on February 28, 2017 attempting to pursue a putative class action against Defendants. (Doc. 1.) On December 15, 2017, Kass and Friends for Health, with additional plaintiffs DC Central Kitchen, Highland Park-Highwood Legal Aid Clinic, Program for Early Parent Support, and Kol Hadash Humanistic Congregation (together with Friends for Health, the plaintiffs other than Kass are referred to as the "Charity Plaintiffs"), filed a First Amended Complaint, again seeking to assert claims on behalf of a putative class. (Doc. 38.) The claims arise from Kass' December 2016 use of a webpage hosted by PayPal on its website that is referred to as the "Cause Hub" to make year-end charitable donations to benefit thirteen designated charities (including the Charity Plaintiffs). (*See* Doc. 38, ¶¶ 82-149.)

On January 23, 2018, Defendants moved to compel individual arbitrations pursuant to the Agreement to Arbitrate in the User Agreement, the contract governing each of the plaintiffs' relationships with PayPal, Inc. (Doc. 42.) This Court granted Defendants' motion to compel individual arbitrations by the plaintiffs and stayed these proceedings on June 12, 2018. (Doc. 64.)

Thereafter, Kass initiated an individual arbitration proceeding by filing a Demand for Arbitration with the American Arbitration Association ("AAA"). (LoCoco Decl. ¶ 2, Ex. A.) Arbitration commenced with the AAA before arbitrator Mr. Philip Glick. (*Id.* ¶ 3.) On June 19, 2020, Mr. Glick granted summary judgment in favor of Defendants, and against Kass, on all Kass' claims. (*Id.* ¶ 4, Ex. B.)

**ARGUMENT**

The Court should enter judgment upon the arbitrator's award granting summary judgment to Defendants on all Kass' claim. Under the Federal Arbitration Act, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court," upon application within one year of the arbitration award, "the court must grant such an order unless the award is vacated, modified, or corrected" based on the limited grounds described in sections 10 and 11 of the FAA. 9 U.S.C. § 9.

The arbitration provision of the User Agreement governing Kass' claims states: "The arbitration will be conducted by the American Arbitration Association (referred to as the 'AAA') under its rules and procedures, including the AAA's Consumer Arbitration Rules (as applicable, as modified by this Agreement to Arbitrate." (Doc. 42-10 at 36.) It also provides: "The arbitrator(s) will decide the substance of all claims in accordance with applicable law . . . . The award of the arbitrator(s) shall be final and binding, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof." (*Id.* at 37.) The AAA Consumer Rules also state: "Parties to an arbitration under these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." (AAA Consumer Rule 49(c).)

The arbitrator's June 19, 2020 decision granting Defendants summary judgment on all claims is a final award in the arbitration proceedings.

Furthermore, there is no basis for Kass to move to vacate, modify, or correct the arbitrator's final decision granting summary judgment. *See* 9 U.S.C. § 10 (allowing a court to vacate, modify, or correct an arbitrator's award under limited circumstances inapplicable here).

Accordingly, pursuant to 9 U.S.C. § 9, and the express terms of the User Agreement and Rule 49(c) of the AAA Consumer Rules, the court must enter judgment upon the arbitrator's award.

## COSTS

Pursuant to Federal Rule of Civil Procedure 54(d)(1), costs "should be allowed to the prevailing party." "A party prevails for purposes of Rule 54(d) when a final judgment awards it substantial relief." *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 573 F.3d 523, 525 (7th Cir. 2009) (internal citations omitted).

The arbitrator's final decision granted Defendants' summary judgment and awarded Kass none of the relief she sought in this case. Upon entry of judgment upon this final award from the arbitrator, Defendants are prevailing parties in this case, entitling them to all costs recoverable by law.

WHEREFORE, for the foregoing reasons, Defendants PayPal, Inc. and PayPal Giving Fund pray that this Court enter:

    a. an order granting the Motion for Entry of Judgment Affirming Arbitration Order in all respects, and dismissing Kass' claims with prejudice;

    b. an order taxing costs against Kass, and in favor of Defendants, pursuant to Federal Rule of Civil Procedure 54; and

    c. such further and other relief as the Court deems just and proper.

DATED: July 8, 2020          Respectfully submitted,

                                          BY:   /s/ Francis H. LoCoco
                                                    Francis H. LoCoco
                                                    frank.lococo@huschblackwell.com
                                                    Margaret K. Heitkamp
                                                    margaret.heitkamp@huschblackwell.com
                                                    HUSCH BLACKWELL LLP
                                                    555 East Wells Street, Ste. 1900
                                                    Milwaukee, WI 53202
                                                    414-273-2100 (phone)
                                                    414-223-5000

*Attorneys for the Defendants,*
*PayPal, Inc., and PayPal Charitable Giving Fund*

5

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 8, 2020, I filed the foregoing with the United States District Court for the Northern District of Illinois using the e-filing system, which will send notice to all counsel and parties of record. A separate copy was also sent by e-mail to Terry Kass at terryhorwitzkass@aol.com and by U.S. Mail.

                /s/ Francis H. LoCoco