UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRIENDS FOR HEALTH: SUPPORTING THE NORTH SHORE HEALTH CENTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PAYPAL, INC. and PAYPAL CHARITABLE GIVING FUND, <br><br> Defendants. | Case No. 17 CV 1542 <br><br> Judge Martha M. Pacold |

**MEMORANDUM OPINION AND ORDER**

  Terry Kass and charities Friends for Health: Supporting the North Shore Health Center, DC Central Kitchen, and Kol Hadash Humanistic Congregation[1] (together, "Charity Plaintiffs") filed this putative class action lawsuit against defendants PayPal, Inc. and PayPal Charitable Giving Fund (together, "Defendants") alleging that Defendants engaged in misconduct related to soliciting and distributing charitable donations. [38].[2] Defendants moved to compel individual arbitration under the Federal Arbitration Act ("FAA"), and the prior judge assigned to the case granted the motion and stayed the case. [64]. Kass and Defendants have undergone arbitration and they have now filed cross-motions to confirm or vacate the arbitrator's award. [95]; [113]; [123]. Those cross-motions remain pending.

  Meanwhile, Kass, proceeding *pro se*, and the Charity Plaintiffs moved for leave to file a second amended complaint. [154]; [155]. They seek to add new parties and claims that they argue are not subject to arbitration. For the reasons explained below, these motions are denied.

---

[1] Former plaintiffs Highland Park-Highwood Legal Aid Clinic and Program for Early Parent Support voluntarily dismissed their claims with prejudice. [151].

[2] Bracketed numbers refer to docket entries and are followed by page and / or paragraph numbers. Page numbers refer to the CM/ECF page number.

**DISCUSSION**

The FAA directs that, if an issue before the court is subject to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. As already discussed, this case has been stayed since the prior judge compelled the parties to submit their claims to individual arbitration. [64]; *see also* [72]; [79]. The stay remains in effect and no party has moved to lift it.

The FAA's command that the stay "shall" remain in place "until such arbitration has been had" is arguably mandatory. 9 U.S.C. § 3. Indeed, multiple courts have held that this language "explicitly mandates that the stay remain in place until arbitration is complete." *Marron v. Healthsource Glob. Staffing, Inc.*, No. 19-cv-01534, 2020 WL 4284818, at *2 (N.D. Cal. July 27, 2020); *Murphy v. Finish Line, Inc.*, No. 20-cv-05663, 2021 WL 2166875, at *4 (N.D. Cal. May 27, 2021) ("[T]he FAA dictates that I 'shall' stay the action 'until such arbitration has been had in accordance with the terms of the agreement.' 9 U.S.C. § 3. I cannot lift the stay . . . until the arbitration is completed or otherwise concluded."). As a result, courts have denied attempts by plaintiffs to amend their complaints while the stay is in place, even when the plaintiffs were trying to add claims that were not subject to arbitration. *Murphy*, 2021 WL 2166875, at *4–5; *Marron*, 2020 WL 4284818, at *2–3; *see also Lovig v. Best Buy Stores LP*, No 18-cv-02807, 2019 WL 2568851, at *3–4 (N.D. Cal. June 21, 2019) (treating motion to voluntarily dismiss as a motion to amend and denying the motion because the case was stayed).

The Charity Plaintiffs contend that, despite the stay, they should be allowed to amend their claims because they are not presently engaged in arbitration and their proposed amended complaint brings new claims that the Charity Plaintiffs assert are not subject to arbitration. The Charity Plaintiffs cite only *MacRury v. American Steamship Co.*, No. 16-cv-13889, 2017 WL 4803704 (E.D. Mich. Oct. 26, 2017), in support. *MacRury*, however, is inapposite. Unlike Charity Plaintiffs here, the plaintiff in *MacRury* actually moved to lift the stay. *Id.* at *1. Further, although the court in *MacRury* lifted the stay to allow the plaintiff to amend his complaint to assert new claims not subject to arbitration, the court did not explain why it was appropriate to do so—particularly in light of the FAA's seemingly mandatory command that the court "shall . . . stay the trial of the action until such arbitration has been had." 9 U.S.C. § 3. Thus, even if *MacRury* was applicable here, it is unpersuasive. Kass makes no argument about whether it is, or is not, appropriate to allow amendment in light of the stay.[3]

---

[3] No party addresses whether "arbitration has been had" under 9 U.S.C. § 3 such that the stay may be lifted when a party has completed arbitration but there are outstanding motions on whether to confirm or vacate the arbitral award. At least some courts have

The motions to amend are denied because the case is presently stayed under 9 U.S.C. § 3, which mandates that the stay remain in place until arbitration has been completed. Even if the FAA provides courts discretion over whether to keep the stay in place, the parties have not presented the court with any compelling reason to lift the stay and allow amendment at this time. Neither the Charity Plaintiffs nor Kass has identified any change in circumstances that requires their proposed amendment to be granted now. Further, "[l]eaving the stay intact until the completion of arbitration serves the interests of judicial economy and advances Congress's purpose in enacting the FAA: 'to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings.'" *Johnson v. JP Morgan Chase Bank, N.A.*, No. EDCV 17-2477, 2019 WL 2004140, at *3 (C.D. Cal. Jan. 25, 2019) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011)).

## CONCLUSION

Kass's and the Charity Plaintiffs' motions for leave to amend are denied without prejudice.

Dated: July 13, 2022                  /s/ Martha M. Pacold

---

observed that the arbitration process does not conclude until the arbitration award is confirmed. *See Teamster Local 177 v. UPS*, 966 F.3d 245, 251–52 (3d Cir. 2020) ("Thus, barring any dispute whether the arbitration award shall be vacated, modified, or corrected, it is confirmation under § 9 that converts the award into a judgment of the court and completes the arbitration process under the FAA framework."); *id.* at 253 ("[W]e view the confirmation of an arbitration award as the final step in arbitration proceedings under the FAA."); *Williamsbridge Manor Nursing Home v. Local 144, Nat'l Health & Human Servs. Emp'rs Union*, 107 F. Supp. 2d 222, 227 (S.D.N.Y. 2000) ("The arbitration process is not complete until an arbitration award is confirmed."). Because this issue was not raised and briefed by the parties, the court need not decide it.