UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRIENDS FOR HEALTH: SUPPORTING THE NORTH SHORE HEALTH CENTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PAYPAL, INC. and PAYPAL CHARITABLE GIVING FUND, <br><br> Defendants. | Case No. 17 CV 1542 <br><br> Judge Martha M. Pacold |

**MEMORANDUM OPINION AND ORDER**

    Terry Kass and charities Friends for Health: Supporting the North Shore Health Center, DC Central Kitchen, and Kol Hadash Humanistic Congregation[1] (together, "Charity Plaintiffs") filed this putative class action lawsuit against defendants PayPal, Inc. and PayPal Charitable Giving Fund (together, "Defendants") alleging that Defendants engaged in misconduct related to soliciting and distributing charitable donations. [38].[2] Defendants moved to compel individual arbitration under the Federal Arbitration Act ("FAA"), and the prior judge assigned to the case granted the motion and stayed the case. [64].

    Defendants subsequently moved to dismiss the Charity Plaintiffs under Rule 12(b)(1), arguing that the court lacked subject matter jurisdiction over their claims. [101]. Specifically, Defendants assert that, at the time the amended complaint was filed, the Charity Plaintiffs could not expect that they would actually be able to satisfy the requirements of the Class Action Fairness Act ("CAFA") because they had waived their rights to proceed as a class and agreed to arbitration. For the reasons explained below, the motion to dismiss is granted.[3]

---

[1] Former plaintiffs Highland Park-Highwood Legal Aid Clinic and Program for Early Parent Support voluntarily dismissed their claims with prejudice. [151].

[2] Bracketed numbers refer to docket entries and are followed by page and / or paragraph numbers. Page numbers refer to the CM/ECF page number.

[3] Although the litigation is presently stayed under 9 U.S.C. § 3, the court has "an independent obligation to confirm [its] jurisdiction." *Gadelhak v. AT&T Servs., Inc.*, 950

## LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint, accepting as true all well-pleaded factual allegations and drawing reasonable inferences in favor of the plaintiffs." *Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017). "[A] plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014).

## DISCUSSION

### I. Jurisdiction Over The Charity Plaintiffs' Claims

The only basis for subject matter jurisdiction identified in the amended complaint[4] is CAFA. [38] ¶ 28 (citing 28 U.S.C. § 1332(d)(2)). CAFA confers subject matter jurisdiction so long as "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which" the parties are minimally diverse. 28 U.S.C. § 1332(d)(2). In the amended complaint, the Charity Plaintiffs sought to represent multiple classes of charities allegedly impacted by Defendants' conduct. [38] ¶ 150.

Defendants contend that, at the time the Charity Plaintiffs filed the complaint, the Charity Plaintiffs could not have expected that CAFA's requirements could be satisfied because they had agreed to individual arbitration. Indeed, the prior judge held that the Charity Plaintiffs had agreed to resolve their claims through individual arbitration and waived any right to proceed as a class. [64]; *see id.* at 3 ("YOU AND PAYPAL AGREE THAT EACH OF US MAY BRING CLAIMS AGAINST THE OTHER ONLY ON AN INDIVIDUAL BASIS AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE ACTION OR PROCEEDING." (emphasis omitted)).

Addressing CAFA jurisdiction, the Seventh Circuit has observed that "[f]rivolous attempts to invoke federal jurisdiction fail, and compel dismissal." *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir. 2010). For example, "[i]f a plaintiff sued in state court a seller of fish tanks on behalf of himself and 1,000 goldfish for $5,000,001 and the defendant removed the case to federal district court, that court would have to dismiss the case, as it would have been certain from the outset of the litigation that no class could be certified." *Id.*

---

F.3d 458, 561 (7th Cir. 2020). It is therefore appropriate to address Defendants' motion despite the stay.

[4] The court looks to the amended complaint to determine jurisdiction because an "amended pleading supersedes the original pleading." *Wellness Community-National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995).

2

Further, because "jurisdiction attaches when a suit is *filed* as a class action," this inquiry must focus upon whether a plaintiff's invocation of CAFA jurisdiction was frivolous at the time the amended complaint was filed—not whether a plaintiff's jurisdictional allegations are frivolous in light of later developments in the case. *Id.* at 806–07 ("[J]urisdiction once properly invoked is not lost by developments after a suit is filed."). Other Courts of Appeals apply this same framework. *Wright Transp., Inc. v. Pilot Corp.*, 841 F.3d 1266, 1271 (11th Cir. 2016) ("Class-action claims filed in or removed to federal court under CAFA can be dismissed for lack of jurisdiction if those claims contain frivolous attempts to invoke CAFA jurisdiction or lack the expectation that a class may be eventually certified."); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1092 n.3 (9th Cir. 2010) (observing that there is no jurisdiction if "the jurisdictional allegations were frivolous from the start").

The Charity Plaintiffs concede that "[u]nder well-established precedent, a federal court has subject matter jurisdiction over a CAFA claim unless the attempt to invoke federal jurisdiction under CAFA is frivolous." [112] at 4. They argue, however, that their invocation of CAFA was not frivolous because at the time they filed the amended complaint they "believe[d] that there [was] no valid arbitration agreement" and they "did not knowingly and voluntarily waive their right to an Article III tribunal." *Id.* at 6. In support, the Charity Plaintiffs cite only their opposition brief to Defendants' motion to compel arbitration. *Id.* (citing [49]).

As a threshold matter, the Charity Plaintiffs' attempt to incorporate by reference their briefing on Defendants' motion to compel arbitration is improper, and the court need not consider these arguments as a result. *See La Playita Cicero, Inc. v. Town of Cicero*, No. 11-cv-1702, 2017 WL 1151066, at *6 n.6 (N.D. Ill. Mar. 28, 2017); *Silverman v. Bd. of Educ. of City of Chi.*, No. 08 C 2220, 2010 WL 3000187, at *12 (N.D. Ill. July 26, 2010).

Even if considered, the Charity Plaintiffs' arguments are unpersuasive. In their earlier briefing on the motion to compel, the Charity Plaintiffs did not actually dispute that they had waived their right to proceed in court and right to proceed as a class. For example, they did not submit a declaration that they had not agreed to individual arbitration, nor did they argue that the arbitration agreement was unenforceable. They argued only that Defendants had submitted insufficient evidence in support of the motion to compel. *See, e.g.*, [49] at 8 (arguing that Defendants' "declaration fails to lay a proper foundation for introduction of the user agreements it attaches"); *id.* at 12 ("Defendants' lackluster evidentiary showing does not meet their burden of establishing the existence of an arbitration agreement between themselves and the Plaintiffs."); *id.* at 15 (arguing Defendants' evidentiary submissions were "not enough to establish the knowing and voluntary waiver of a constitutional right"). Indeed, when granting the motion to compel, the prior judge observed that "Plaintiffs, in fact, do not dispute that they opened PayPal accounts, or that they accepted the PayPal user agreement when doing so." [64] at 9. The

3

Charity Plaintiffs' arguments, which hinge solely upon alleged deficiencies in the specific evidence filed with Defendants' motion to compel, do not show that at the time the Charity Plaintiffs filed the amended complaint they could have expected that they would be able to proceed in court as a class action. Further, the Charity Plaintiffs could not have known of the alleged evidentiary deficiencies in Defendants yet-to-be-filed motion to compel arbitration at the time they filed the amended complaint, such as whether Defendants would fail to "offer . . . screenshots of the sign-up process," [49] at 10.

The Charity Plaintiffs also argue, in two brief sentences, that their invocation of CAFA jurisdiction was not frivolous because Defendants might have waived their arbitration rights. [112] at 7. The Charity Plaintiffs contend that because they "had no way of knowing whether Defendants would voluntarily waive" the arbitration agreements, "their class claims . . . were not frivolous." *Id.* As a factual matter, the Charity Plaintiffs are incorrect because they could have reached out to Defendants before filing the amended complaint and simply asked whether Defendants would waive the arbitration agreements. Further, before the Charity Plaintiffs filed the amended complaint, Defendants expressly reserved their right to compel arbitration in briefing filed with the court. [23] at 3 n.2. Defendants' preservation of their arbitration rights would be wholly unnecessary if Defendants intended to waive them. Regardless, even setting all of that aside, the Charity Plaintiffs give no reason why they might have expected Defendants to waive their arbitration rights. Thus, on this record, they could not have "expect[ed] that a class may be eventually certified" at the time the amended complaint was filed. *Wright Transp.*, 841 F.3d at 1271.

Finally, the Charity Plaintiffs assert that they should not be dismissed merely because the prior judge ultimately found that they had agreed to individual arbitration. The Charity Plaintiffs are correct that developments that occurred after they filed the amended complaint cannot retroactively deprive the court of jurisdiction. *Cunningham Charter*, 592 F.3d at 806–07. But the fact that the Charity Plaintiffs were compelled to arbitrate is not the reason why the Charity Plaintiffs' jurisdictional allegations are frivolous; the allegations are frivolous because prior to filing the amended complaint the Charity Plaintiffs agreed to resolve their claims through individual arbitration and expressly waived their rights to proceed in court and as a class. The order granting the motion to compel arbitration, for purposes of this analysis, merely sets forth and explains why this is so.

Accordingly, because the Charity Plaintiffs' invocation of CAFA jurisdiction was frivolous at the time they filed the amended complaint, the court lacks subject matter jurisdiction and Defendants' motion to dismiss is granted. *See id.* at 806; *cf. Adams v. Boeneman*, 335 F.R.D. 452, 457 (M.D. Fla. 2020) (concluding that court lacked subject matter jurisdiction because "there was never an expectation that the class could be certified").

## II.     Jurisdiction Over Kass's Claims

Defendants' motion does not seek to dismiss Kass's claims for lack of subject matter jurisdiction. *See* [101] at n.1; [115] at 5. The Charity Plaintiffs, however, argue that if the court lacks jurisdiction over their claims, then it must also lack jurisdiction over Kass's claims because she too invoked jurisdiction under CAFA. Because the court has an independent obligation to assure itself of subject matter jurisdiction, the court must address this issue. *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 561 (7th Cir. 2020).

At this time and based upon the current record before the court, it does not appear that Kass's jurisdictional allegations were frivolous at the time the amended complaint was filed. Unlike the Charity Plaintiffs, Kass denied that she had ever agreed to individual arbitration and, even if she had, she believed that the arbitration agreement was unenforceable. [55] at 7–10; [55-2] ¶¶ 5–11. The court therefore concludes based upon the limited arguments and record that the court has jurisdiction over Kass's claims.

## CONCLUSION

Defendants' motion to dismiss is granted and the Charity Plaintiffs' claims are dismissed without prejudice. The Charity Plaintiffs are granted leave to amend. If the Charity Plaintiffs decide to file an amended complaint, it is due by August 4, 2022.

Dated:  July 14, 2022                                  /s/ Martha M. Pacold

5