UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRIENDS FOR HEALTH: SUPPORTING THE NORTH SHORE HEALTH CENTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PAYPAL, INC. and PAYPAL CHARITABLE GIVING FUND, <br><br> Defendants. | Case No. 17 CV 1542 <br><br> Judge Martha M. Pacold |

# ORDER

Terry Kass and charities Friends for Health: Supporting the North Shore Health Center, DC Central Kitchen, and Kol Hadash Humanistic Congregation (together, "Charity Plaintiffs") filed this putative class action lawsuit against defendants PayPal, Inc. and PayPal Charitable Giving Fund (together, "Defendants") alleging that Defendants engaged in misconduct related to soliciting and distributing charitable donations. [38].[1] The prior judge assigned to the case granted Defendants' motion to compel plaintiffs to arbitrate their claims individually and stayed the case. [64].

Kass, proceeding *pro se*,[2] and Defendants completed arbitration and the arbitrator issued an award in favor of Defendants. Kass and Defendants filed cross-motions to either vacate the arbitral award or confirm the award and enter final judgment. [95]; [113]; [123]. The court denied Kass's motions to vacate and determined that the award should be confirmed but kept Defendants' motion under advisement because neither Kass nor Defendants had addressed whether entry of partial final judgment was appropriate under Federal Rule of Civil Procedure 54(b). [165]. The court directed Kass and Defendants to file 5-page briefs addressing whether partial final judgment should be entered under Rule 54(b). *Id.*

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph numbers. Page numbers refer to the CM/ECF page number.

[2] Kass has a law degree but has not practiced law in almost 25 years. [128] ¶ 2.

The parties have now submitted their briefs addressing Rule 54(b).  [166]; [168].  Kass also moved for reconsideration of the court's order denying her initial motion to vacate the arbitral award.[3]  [169].  For the reasons below, Kass's reconsideration motion is denied and partial final judgment is entered under Rule 54(b).

## DISCUSSION

### I. Kass's Motion For Reconsideration

Motions for reconsideration are disfavored.  *Alice F. v. Health Care Serv. Corp.*, No. 17 C 3710, 2019 WL 11626480, at *1 (N.D. Ill. June 17, 2019).  District courts have "discretion to entertain motions to reconsider prior decisions," but the movant bears "a heavy burden" to show reconsideration is appropriate.  *Id.*  "[M]otions for reconsideration will be granted only where 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  *Id.* (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)); *see also Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact.").  "[A] motion for reconsideration [is] an inappropriate medium to 'rehash' past arguments, or revisit improvident strategic decisions made earlier." *Alice F.*, 2019 WL 11626480, at *1 (citations omitted).  Reconsideration motions are also "not an opportunity to raise new arguments" that could have been made earlier.  *Id.* at *2 (quoting *Isunza v. Lynch*, 809 F.3d 971, 973 (7th Cir. 2016)).

Kass's reconsideration motion is denied because it presents no valid basis for reconsideration.  Kass's motion rehashes old arguments, raises new arguments that could have been made in her earlier motions to vacate, and presents new evidence that could have been presented with her original motions; she does not contend that the court patently misunderstood any party, made a decision outside of the adversarial issues, or made any manifest errors of law or fact.  This alone is sufficient to deny the motion.  *See Oto*, 224 F.3d at 606.

Even if considered, Kass's arguments are unpersuasive.  Kass contends that the court erred by applying the wrong legal standard to her motion to vacate for failure to consider relevant evidence because the court relied in part upon the Seventh Circuit's opinion in *Mical v. Glick*, 581 F. App'x 568 (7th Cir. 2014), instead of asking whether Kass's alleged errors "deprived [her] of a fundamentally fair hearing."  [169] at 15–16 (quoting *Bartlit Beck LLP v. Okada*, 25 F.4th 519, 523 (7th

---

[3] Kass's motion does not specify that she seeks reconsideration of only the denial of her first motion to vacate, [113], but the only aspects of the opinion she challenges relate to that motion.

2

Cir. 2022)). Kass is incorrect on multiple fronts. First, *Mical* applied the exact standard that Kass contends the court disregarded. 581 F. App'x at 570 ("An arbitrator's refusal to receive relevant evidence, standing alone, does not warrant vacating an arbitration award; rather, the arbitrators' failure to consider pertinent evidence must have deprived the Micals of a fundamentally fair hearing."). *Mical* further observed that "this standard typically is met only when an arbitrator wrongly excludes the sole evidence on a pivotal issue." *Id.* Second, the court's opinion acknowledged that the ultimate question was whether Kass was deprived of a fundamentally fair hearing. [165] at 5–6. And the court evaluated whether that had occurred by examining both whether the arbitrator had "wrongly exclude[d] the sole evidence on a pivotal issue," *Mical*, 581 F. App'x at 570, and whether the arbitrator's decisions were reasonable, *Bartlit Beck*, 25 F.4th at 524 (arbitrator's procedural decision "was fair *because* it was reasonable"). *See* [165] at 6 ("Kass has not shown that the documents she attempted to submit were 'the sole evidence on a pivotal issue.'"); *id.* at 7 ("[T]he court cannot say that the arbitrator's decision to not consider such evidence was unreasonable."); *id.* ("[Kass] has not shown that the arbitrator acted unreasonably."); *id.* at 8 ("[T]he court cannot conclude that it was unreasonable for the arbitrator to deny Kass's request to submit a ten-minute 'video statement,' additional exhibits, or, during the hearing, for the arbitrator not to look at an unidentified document while Kass discussed it." (footnote omitted)); *id.* ("The arbitrator's decision to address and resolve Defendants' summary judgment motion on the record before him without discovery or additional evidentiary submissions is a procedural decision that Kass has not shown was unreasonable."). For the avoidance of any doubt, for the reasons stated in the court's original opinion, Kass did not meet her burden to show that she was deprived of a fundamentally fair hearing.

Kass also asserts that the arbitrator erred in refusing to consider Defendants' agreement with Guidestar, [169] at 8–10, but does not point to any evidence that she or Defendants ever attempted to submit it to him. To the contrary, Kass acknowledges that it was not in her possession at the time of the arbitration and she "could not have submitted [it] to the arbitrator because she did not possess it." *Id.* at 8. The arbitrator cannot be faulted for not considering evidence that no party tried to submit to him. Further, Kass does not point to anything in the record showing that she requested discovery[4] or alerted the arbitrator that he could not render a fair decision without considering the Guidestar agreement.

Kass argues that "the arbitrator's award does not rationally dispose of Kass's Delaware statutory claims" and her conversion claim. [169] at 8–9 (emphasis omitted). But "[f]actual or legal errors by arbitrators—even clear or gross errors—

---

[4] Even if Kass had requested discovery, "[n]othing in the Federal Arbitration Act requires an arbitrator to allow *any* discovery." [165] at 8 (quoting *Hyatt Franchising, LLC v. Shen Zhen New World I, LLC*, 876 F.3d 900, 901 (7th Cir. 2017)).

3

do not authorize courts to annul awards." [165] at 4 (quoting *Gingiss Int'l, Inc. v. Bormet*, 58 F.3d 328, 333 (7th Cir. 1995)).

Kass points to portions of the PayPal Official Insider Guide to Online Fundraising as well as visual aids she prepared that she asserts were "crucial to proving Defendants' fraudulent intent," [169] at 10–11, but does not dispute the court's conclusion that this was not a pivotal issue in the arbitrator's award, [165] at 6.

Kass also contends that, for her conversion, fraud, and statutory claims, she was unable to respond to new arguments raised by Defendants in their summary judgment reply brief. [169] at 10–14. Yet Kass was given over an hour at the subsequent hearing to present oral argument where she could have addressed these issues. [165] at 3. Relatedly, Kass argues that the arbitrator erred by resolving these claims on the same basis as her contract claim, [169] at 10–14, but an alleged error in reasoning is not a basis to vacate under the FAA, [165] at 4.

Finally, Kass's reconsideration motion suffers from the critical flaw that it does not address all of the independent bases the court relied upon in denying her motion to vacate. In other words, even if Kass's arguments in her reconsideration motion were correct, the alternative bases addressed in the court's order would still compel denial of her motion to vacate. For example, the court concluded that even if the arbitrator had excluded crucial evidence on a pivotal issue in the case, he still did not act unreasonably because Kass never explained to the arbitrator that the documents she wanted him to consider were essential to resolution of Defendants' summary judgment motion. *Id.* at 6–8. Kass does not challenge this conclusion in her reconsideration motion, and this ground alone compelled denial of her motion to vacate.

For these reasons as well as the reasons given in the court's order denying Kass's motions to vacate, Kass's motion for reconsideration is denied.

## II. Partial Final Judgment Under Rule 54(b)

Turning now to whether partial final judgment should be entered against Kass on the arbitrator's award under Rule 54(b), "[a] proper Rule 54(b) order requires the district court to make two determinations: (1) that the order in question was truly a final judgment, and (2) that there is no just reason to delay the appeal of the claim that was finally decided." *Gen. Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011) (internal quotation marks omitted). Defendants contend that entry of partial final judgment against Kass is appropriate because Kass's claims were conclusively resolved through arbitration and there is no reason to delay entry of judgment against her because her claims are distinct and separate from the Charity Plaintiffs' claims (which were dismissed without prejudice and with leave to amend, [163]). Kass did not oppose entry of partial final

4

judgment against her so long as the court first resolved her reconsideration motion, as it has now done. The final judgment is partial in the sense that it is a final judgment as to fewer than all parties (*i.e.*, it is a final judgment as to Kass's claims against Defendants and not the Charity Plaintiffs' claims against Defendants); however, it is a final judgment as to all of Kass's claims.

Entry of partial final judgment against Kass is proper here. The court's confirmation of the arbitration award is a final judgment as to all of Kass's claims against Defendants and there is no just reason for delay of the entry of judgment against her. Because Kass's claims were resolved through individual arbitration, even if the Charity Plaintiffs are ultimately able to proceed with their lawsuit, there is no risk of piecemeal appeals because any appeal from the judgment against Kass will present issues unique to Kass that do not overlap with any issues related to the Charity Plaintiffs' claims.

## CONCLUSION

Kass's motion for reconsideration is denied and Defendants' motion for entry of judgment is granted. The arbitration award is hereby confirmed and partial final judgment is entered against Kass on all of her claims in favor of Defendants. Defendants are awarded costs as the prevailing parties under Rule 54(d). Kass's motion for leave to file under seal [167] and Defendants' request for hearing [170] are denied as moot.

Dated: August 3, 2022                                   /s/ Martha M. Pacold