UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY KASS, | ) |
|           Plaintiff, | ) No. 17 CV 1542 ) ) |
| v. | ) Magistrate Judge Young B. Kim ) |
| PAYPAL, INC. and PAYPAL CHARITABLE GIVING FUND, | ) ) ) September 17, 2024 |
|           Defendants. | ) |

## ORDER

Before the court is Plaintiff Terry Kass's second motion to compel and for sanctions against Defendants PayPal, Inc. ("PayPal") and PayPal Charitable Giving Fund ("Giving Fund") for failure to comply with the January 11 ("the January Order") and February 6, 2024 ("the February Order") discovery orders. For the following reasons, the motion to compel is denied but the motion for sanctions is granted to the extent that Defendants failed to timely comply with the court's January Order:

## Background

In February 2017 Kass filed this putative class action, along with five charity organizations, claiming that Giving Fund—PayPal's charitable arm—made false representations and mishandled the $3,250 of charitable donations she gifted in 2016 through Giving Fund's platform. Kass is the only remaining plaintiff because the others' claims have either been settled or dismissed. During the initial round of litigation, Kass was forced to arbitrate her claims, and the arbitrator found in favor

of Defendants. After the court affirmed the arbitrator's decision, Kass appealed the issue of whether she should have been compelled to arbitrate her claims. *Kass v. PayPal, Inc.*, 75 F.4th 693, 695 (7th Cir. 2023). In August 2023 the Seventh Circuit vacated the judgment entered against Kass and remanded the matter because "Illinois law requires that a trier of fact decide whether she received the notice" and "Kass offered evidence that flatly denied that she received the notice from PayPal of the mandatory arbitration clause." (R. 191, Certified Judgment.) As such, this second round of litigation requires a trial on the narrow issue of whether Kass received an email in October 2012 notifying her of PayPal's 2012 amendment to its User Agreement requiring mandatory arbitration of all disputes.

## Procedural History

After the Seventh Circuit's remand decision, this matter was referred to this court for discovery supervision in September 2023. (R. 202.) On September 14, 2024, this court entered a schedule for completing written discovery, which required the parties to "file a joint status report identifying each side's written discovery issues . . . along with the relevant discovery responses as exhibits, by December 8, 2023." (R. 203.) The parties timely filed their joint status report and identified their discovery objections. (R. 204.) In their 28-page status report, Kass reported that she had issues with Defendants' responses to her Requests to Produce ("RTP") Nos. 15 and 22-24 and Requests for Admission ("RTA") Nos. 1 and 10-12. Defendants in turn complained that Kass's responses to their RTP Nos. 3-8, 13, and 15 were deficient. The parties also reported to the court that "there [were] a

2

number of discovery requests for which the [p]arties have met and conferred and, while they have not yet reached an agreement on all outstanding issues, the [p]arties believe that further efforts to meet and confer might result in an agreement that would avoid the need for intervention from the [c]ourt." (Id. at 26.)

Then in the January Order, the court ruled on the discovery objections and ordered each side to supplement their discovery responses accordingly. (R. 207 at 5.) The court ordered Defendants to supplement their responses to Kass's RTP Nos. 15, 22, and 23, and RTA Nos. 1, 10, and 11, by January 26, 2024. (R. 206; R. 207 at 5.) The court also ordered the parties to file their motions to compel by February 1, 2024, in the event they are not able to resolve the discovery issues not yet ripe for court intervention—"Kass's [RTP] Nos. 8, 10 and 31-32, Kass's Interrogatories, Kass's [RTA] Nos. 3-6 and 15-16, Defendants' [RTP] No. 14 and Defendants' Interrogatory Nos. 1, 2 and 6." (R. 204 at 26-27; R. 206.) Both sides timely filed their motions to compel discovery. (See R. 212; R. 214.)

A hearing took place on February 6, 2024, to address the parties' motions to compel. (R. 220; R. 221.) As for Defendants' motion for forensic examination, the court granted the relief they sought and required Kass to turn over her personal digital devices for the examination to take place. (Id.) In her motion to compel, Kass asked the court to issue a schedule for Defendants to complete their review of the ESI Defendants collected using agreed-upon search terms and to produce the responsive ESI. Kass noted that the parties had not yet agreed on ESI search terms for all discovery requests. The court entered the February Order granting Kass's

3

motion and ordering Defendants to complete their review and produce the responsive ESI to Kass by February 23, 2024, and serve a privilege log for withheld documents by March 8, 2024. (R. 221, Feb. 6, 2024 Hr'g Tr. at 32.) As for their unresolved dispute over search terms for other requests, the court suggested that the parties review the first batch of documents Defendants produce for guidance on the search terms to be used. (Id. at 33 ("If I understand it correctly from the motion, in some situations [Kass] is having a difficult time coming up with search terms because she is unaware of the terminology or terms that . . . PayPal might be using for communication purposes. So let's take a look at the first production and see where we need to go from there, and perhaps the first production is sufficient . . . to move the case along.").)

On March 13, 2024, the court held a status hearing to monitor the progress of discovery, including Defendants' production of ESI to Kass and the protocol to be entered for purposes of forensically examining her devices. (R. 223.) In response to the discussion held, the court entered an order granting the parties until March 29, 2024, "to file a motion to compel or motion for sanctions regarding Defendants' production of responsive ESI" and "to enter a protocol for forensic examination." The parties timely filed their respective motions for relief as ordered, (see R. 228; R. 229), and then filed their opposition briefs on April 12, 2024, (see R. 237; R. 238).

Because Defendants' proposed forensic examination of Kass's devices had the potential to further limit the scope of discovery in this second round of litigation, the court prioritized their motion over Plaintiff's motion to compel. The court entered

4

its version of the forensic examination protocol in May 2024 and ordered the examination to move forward. Defendants' expert was able to image Plaintiff's personal devices and examine the same, but the court noted on August 30, 2024, that the forensic examination failed to reveal anything of value for use in this case. (R. 266.) Having resolved Defendants' motion, the court now turns to Plaintiff's second motion to compel.

## Analysis

The parties agree that the triable issue before the court is a narrow issue that should not require protracted litigation or extensive discovery. Nonetheless, the parties have engaged in prolonged motion practice over discovery and point the finger at each other for blame. Kass accuses Defendants of engaging in "concealment efforts" to "hinder[] the discovery process," bad faith behavior, "gamesmanship," and deliberately delaying the production of discovery the court ordered. (R. 229, Kass's Mot. at 2, 9.) In response, Defendants accuse Kass of engaging in "a campaign of harassment . . . designed to inflict the 'death by discovery' impermissible under § 4 of the FAA" by serving more than 100 RTPs. (R. 238, Defs.' Resp. at 2.) These attacks are not productive or meaningful to the court's analysis of the issues presented. For example, while the court agrees that Kass's service of two separate sets of discovery on Giving Fund and PayPal and the scope of her requests may not be proportional to the needs of the limited issue before the court, Defendants could have moved for a protective order upon receipt of what they consider to be overbearing discovery in October 2023, but they did not.

5

Complaining about the breadth of Kass's discovery now is not helpful to the court's job of resolving the motion pending before it. Instead, the court examines the discovery the movant seeks, why the discovery is relevant to the claims and defenses and proportional to the needs of the case, and why the producing party's response is inadequate. As for the motion for sanctions, the court analyzes the orders entered and how the responding party violated the terms of those orders.

In her motion, Kass asks the court to compel Defendants to: (1) produce specific documents identified in the motion; (2) identify the names of individuals belonging to certain email groups; (3) perform her proposed ESI searches and produce responsive documents therefrom; (4) produce documents they agreed to produce or otherwise confirm that there are no responsive documents; and (5) pay her reasonable attorney fees expended in connection with this motion practice. (R. 229-16, Kass's Proposed Order.) However, Kass fails to persuade the court in her motion that she is entitled to this relief, except with respect to the sanction the court imposes herein.

**A.   Production of Specific Documents**

Kass argues that Defendants violated the terms of the January Order by failing to supplement their response to RTP Nos. 22 and 23. (R. 229 at 9.) The January Order required Defendants "to produce the vendor agreement that was in effect in October 2012 and the communications exchanged between PayPal and EDI about the campaign to notify its current users of the 2012 amendment." (R. 207 at 2.) Kass says that Defendants produced on March 28, 2024, the master service

6

agreement ("MSA") PayPal entered into with EDI, two months after the court scheduled deadline of January 26, 2024. (R. 229 at 9.) In their letter to Kass on March 8, 2024, Defendants took the position that they were not required to produce the vendor agreement in accordance with the January Order because "the parties have been continuing to negotiate search terms" and therefore they did not have a deadline by when the agreement had to be produced. (R. 229-11 at 5.) Defendants incorrectly interpret the court's order. The January Order is clear as to Defendants' obligations and they had the means to search for the agreement on their own and produce the same in a timely manner. Defendants' position also appears to contradict their assertion in response to the motion that they invited Kass to "propose search terms for just one request." (R. 238 at 2.) And the supporting exhibit, (R. 238-1 at 6-7), shows that the invitation for search terms pertained to RTP No. 10, not Nos. 22 or 23.

That said, the issue Kass raises in her motion is that Defendants did not produce the agreement PayPal entered into with EDI which is specific to the October 2012 email notice campaign, rolling out the amendment to the User Agreement requiring mandatory arbitration of all disputes. (R. 229 at 9-10.) Kass appears to suggest that Defendants must have in their possession such stand-alone agreement because, according to her, it is "expressly required by the MSA itself." (Id. at 9 (emphasis in original).) And because Defendants failed to produce the stand-alone agreement, she argues that they must be sanctioned. But Kass does not refer this court to the pertinent provision of the MSA or any other support for

her conclusory assertion. Although the January Order commanded Defendants to supplement their responses to RTP Nos. 22 and 23 and to produce certain agreements, it does not have the power to require a litigant to produce what they do not have. In fact, Defendants respond that while they were able to locate the MSA through a manual search of documents, they have not located any document reflecting the scope of work specific to the October 2012 email campaign. (R. 238 at 8.) Of course, it would be to Defendants' benefit to have a paper-trail showing exactly what steps they took to update their users of the amendment to the User Agreement in order to corroborate their explanation. But as it stands, Defendants do not have such documentation. As such, the motion to compel is denied, but the motion for sanctions is granted to the extent that Defendants failed to show good cause in their response as to why they did not produce the MSA by January 26, 2024.

**B.    Production of ESI**

Kass argues that Defendants violated the terms of the January and February Orders because they failed to produce emails responsive to RTP Nos. 22 and 23 or "ESI responsive to the Requests agreed to by the Parties." (R. 229 at 10.) As to the January Order, Kass says Defendants failed to produce certain documents responsive to Nos. 2, 15, 22, and 23, relying on retention-policy documents Defendants produced in response to RTP No. 20. (Id. at 10-11 (requiring Defendants to keep "legal related documents for a period between five and seven

8

years").) The court finds that Kass fails to show that she is entitled to the relief she seeks.

First, Kass does not submit a sufficient basis for compelling a response to RTP No 2. The January Order did not require Defendants to supplement their response to RTP No. 2 and this request was not one of the requests on which the parties continued to confer as of December 8, 2023. (See R. 204 at 26-27 ("Kass's [RTP] Nos. 8, 10 and 31-32").) Second, Defendants explain that they produced one responsive document (PAYPAL00000670-73) in response to RTP Nos. 22 and 23 because that is the only non-privileged document they could find and explain that the retention policy did not require Defendants to retain all documents that may be responsive.

As for RTP No. 15, Defendants explained in their March 8, 2024 letter to Kass that they have not located any emails responsive to the request. Kass pushes back on this response and points to Exhibit O of her motion, which is a set of documents Defendants produced as "PAYPAL00000934-954." She contends that the references included on the last two pages of this production show that Defendants must have documents responsive to RTP No. 15. The court disagrees that Exhibit O conflicts with Defendants' representation that they do not have any "documents reflecting their awareness of email problems with AOL addresses . . . including communications sent or received from EDI regarding problems completing transmissions to AOL email addresses." However, this ruling does not bar Kass

9

from discovering more information about the references made on Pages 953 and 954 of Defendants' production.

With respect to the February Order, Kass appears to argue that Defendants failed to produce documents and information requested, (R. 229 at 13-14), but fails to persuade the court that she is entitled to the discovery she demands here or that the February Order commanded Defendants to produce the same. Kass's conclusory assertions that she is entitled to more discovery is not adequate for this court to grant her motion.

**C.  Immediate Production**

Finally, Kass asserts that to "[t]he extent Defendants agreed to produce documents responsive to Plaintiff's Requests, [Defendants] should be required to produce those documents immediately." (R. 229 at 15.) However, Kass does not specify in her motion exactly what "responsive documents" Defendants agreed to produce but have not produced. Without specificity, the court cannot consider Kass's request.

## Conclusion

For the foregoing reasons, Kass's motion to compel is denied. However, her motion for sanctions is granted to the extent that Defendants failed to timely comply with the court's January Order. As such, Defendants are barred from using the MSA in this case unless Kass uses the MSA as an exhibit first or opens the door, allowing Defendants to use the MSA. This sanction does not bar Defendants from

offering evidence that they used a third-party vendor to notify the users of the 2012 amendment to the User Agreement.

                              **ENTER:**

                              _____
                              **Young B. Kim**
                              **United States Magistrate Judge**